Merrimack,  
Nov. 8, 1916.

STATE (JOHN W. PLUMMER, STATE TREASURER) *v.* ALLAN H. ROBINSON & *a.*

Fines for the violation of the automobile law (Laws 1911, *c.* 33, *s.* 27) are to be paid by the clerks of municipal courts to the state under the provisions of Laws 1915, *c.* 30, *s.* 3; *Ib. c.* 60, *s.* 1, as theretofore provided.

P. S., *c.* 2, *s.* 37, providing that "the repeal of an act shall not revive any other act which has been repealed," does not apply when such an application would be inconsistent with the manifest legislative intent.

ASSUMPSIT, to recover moneys received by the clerk of the municipal court of Concord, as fines imposed by that court for violations of Laws 1911, *c.* 133, *s.* 19. The offences were committed and the fines imposed in June, 1915.

The question whether under existing law it is the duty of the clerk to pay over these funds to the state treasurer was transferred upon agreed facts and without ruling from the October term, 1915, of the superior court by *Branch*, J.

*Joseph S. Matthews*, assistant attorney-general, for the plaintiffs, was not called upon:

The fines in question should be paid to the state treasurer and there should be judgment for the plaintiff.

The statutes have uniformly provided that all fines should be for the use of the county *unless otherwise specifically appropriated.* R. S., *c.* 211, *s.* 13; C. S., *c.* 224, *s.* 13; G. S., *c.* 250, *s.* 7; G. L., *c.* 268, *s.* 7; P. S., *c.* 256, *s.* 2.

To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed: 36 Cyc. *pp.* 1071–1072; *Wood* v. *United States*, 16 Pet. 342; *United States* v. *Ten Thousand Cigars*, 28 Fed. Cas. No. 16451; *McFarland* v. *State Bank*, 4 Ark. 410; *O'Hara* v. *Johnson*, 2 Penn. Supreme Court cases (Walker) 115; *State* v. *Houghton*, 142 Ala. 90.

In all questions involving the construction of statutes the intention of the legislature is the paramount consideration, and when ascertained is to be carried out: 36 Cyc. *p.* 1106; *Edes* v. *Boardman*, 58 N. H. 580–592; *Nashua Bridge Works* v. *Jose*, 59 N. H. 81–84; *State* v. *Hayes*, 61 N. H. 264–330.

The rule of the implied repeal of a statute by an act whose provisions are inconsistent does not hold against a contrary intention established by competent evidence: *State* v. *Railroad*, 76 N. H. 146–149; *Boston &c. R. R.* v. *Railroads*, 65 N. H. 393, 399; *Stanyan* v. *Peterborough*, 69 N. H. 372, 373; *Opinion of the Justices*, 72 N. H. 605, 607; *Weed* v. *Woods*, 71 N. H. 581.

Under the rule of the common law the repeal of a repealing act revived a former statute: *Commonwealth* v. *Churchill*, 2 Met. 118; *Commonwealth* v. *Mott*, 21 Pick. 492; *Hastings* v. *Aiken*, 1 Gray 163; *United States* v. *Philbrick*, 120 U. S. 52: and this rule was formerly in force in this state: *State* v. *Rollins*, 8 N. H. 550–568; *State* v. *Company*, 49 N. H. 240–250; *Roberts* v. *Norcross*, 69 N. H. 533–544; see P. S., *c.* 2, *ss.* 1, 37.   But if it appear that the application of the statutory rule would defeat the manifest intention of the legislature, it is not to be applied.

*A. Chester Clark* and *Alexander Murchie* (*Mr. Murchie* orally), for the defendants.

The fines here in question are legally the property of the city of Concord. The amendment of Laws 1915, c. 30, s. 3, contained in Laws 1915, c. 60, s. 1, could not by any process of interpretation be held to mean statutes not in force at the time of its passage. Even if the legislature thought the old statute still effective, that could not make it so. "A mistaken opinion of the legislature concerning the law, does not make law." *Postmaster General* v. *Early*, 12 Wheat. 136, 148. "The mere reference to a repealed act or section as still in force, or the supposition or assumption on the part of the legislature that such act or section remains in force, does not affect the repeal or restore the law." Lewis' Suth. Stat. Constr. (2nd ed.), s. 295. *District of Columbia* v. *Hutton*, 143 U. S. 18; *People* v. *Wilmerding*, 136 N. Y. 363.

PEASLEE, J. On March 4, 1915, the legislature enacted that all fines collected in police courts should belong to the municipalities, and repealed all inconsistent statutes. Laws 1915, c. 30, ss. 3, 16. At that time the general law applicable to all courts of criminal jurisdiction provided that all fines imposed for violations of the automobile law should go to the state. Laws 1911, c. 133, s. 27. Twenty days later the legislature amended said section 3 so as to except "cases where otherwise specifically fixed by statute." Laws 1915, c. 60, s 1. It is argued that chapter 30 repealed the provision of the act of 1911, so far as it applied to municipal courts, and that if chapter 60 in effect repealed that provision of chapter 30, it did not revive the earlier provision repealed by chapter 30. P. S., c. 2, s. 37.

The legislature meant to accomplish something by the enactment of this provision of chapter 60; but if the defendants' contention were sound the provision would be without any effect. If it did not re-instate this provision of the automobile law, it did not have that effect upon any other provision which was in force when chapter 30 was enacted. And all acts passed after the enactment of chapter 30, and specifically fixing the ultimate destination of fines, would be effective without the provision of chapter 60. It is evident that the legislative intent in enacting chapter 60 was to correct an error or oversight in chapter 30. The provision is in terms an amendment of the earlier act, not a repeal thereof. As to offences thereafter committed it is to be treated as though it had been a part of chapter 30 in the first instance. The provisions of Public Statutes, chapter 2, section 37, have no application to the present situation, because such application "would be inconsistent with the manifest intent of the legislature." P. S., c. 2, s. 1.

*Judgment for the state.*

All concurred.